## BROWN & WILKINS *v.* ISON.

1. Where the charge of the court complained of in the motion for a new trial could not possibly have affected the finding of the jury, except as to one item in their verdict, and where the amount of this item was written off by plaintiff's counsel, the charge, even if erroneous, was thus made harmless to defendant; and hence there was no error in refusing a new trial on this ground.
2. There being a conflict in the testimony, and that in favor of the successful party being sufficient to sustain the verdict as it now stands, this court will not interfere with the discretion of the trial judge in overruling the motion on the general grounds.

Argued October 17, — Decided November 16, 1898.

Distress warrant. Before Judge Beck. City court of Griffin. April 15, 1898.

*J. M. Kimbrough Jr.* and *R. T. Daniel,* for plaintiffs in error.
*Hammond & Cleveland,* contra.

LEWIS, J.   On January 31, 1898, Ison sued out a distress warrant against Brown & Wilkins, alleging in his affidavit that. the defendants owed him $130 for rent, of which amount $4, the balance for the month of January, was due, and that the remainder would become due as follows: $18 on the first day of each of the months of March, April, May, June, July, August, and September; and further alleging that the defendants were moving their goods from the rented premises.   Defendants filed a counter-affidavit to the effect that they rented a storehouse from plaintiff for $14 by the month; that the contract terminated at the end of each month, and that at the end of January, when they left, they paid all that was due up to that time, and therefore owed plaintiff nothing.   Plaintiff claimed that defendants owed him rent for the storehouse at the rate of $14 per month, and for an office up-stairs at the rate of $4 per month, aggregating the sum of $130.   The defendants admitted that as partners they rented the storehouse at $14 per month, but denied the partnership as to the office, claiming that this was rented by Wilkins alone for his dental office.   The only other issue of fact presented by the testimony was whether or not the term of rental, under the contract, had expired when defendants left, or whether it continued through the following September. On this point the evidence was directly in conflict.   The jury found for the plaintiff the full amount he claimed.   Defendants moved for a new trial on the ground that the verdict was contrary to law and evidence, and on account of alleged error in the following charge:   "If the plaintiff believed from the acts and conduct of the defendants that they were partners, and he considered them partners from such acts and conduct, then the plaintiff would be entitled to recover from both the defendants, as partners, whatever you find that they are due the plaintiff for the rent of the storeroom and office."   When the motion was heard the court directed that the plaintiff write off from the verdict $32, claimed to be due as rent at the rate of $4 per month for the office; and this being done, the motion for a new trial was overruled, and defendants excepted.

It will be seen from this statement that the charge of the court complained of could not possibly have affected the finding of the jury, except as to the rent of the office.    There was no question between the parties as to the existence of the partnership, so far as the store was concerned.    The amount for the office rent included in the verdict having been written off therefrom by direction of the court, the charge complained of, even if erroneous, was thus cured of all harm to the defendant.    It could not possibly have affected the finding of the jury in reference to the rent of the storehouse.

The plaintiff's testimony made out his case, at least for the amount claimed to be due for the rent of the store.    The verdict now stands for only this amount.    The jury saw fit to believe plaintiff in preference to the witnesses sworn in behalf of the defendants.    The trial judge being satisfied with their finding, under the repeated rulings of this court we will not interfere with his discretion in overruling the motion for a new trial.

*Judgment affirmed.    All the Justices concurring, except Lumpkin, P. J., absent.*